IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 22-115 |
| THIEN PHUC TRAN | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

AND NOW comes the United States of America by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Robert S. Cessar and Stephen R. Kaufman, Assistant United States Attorneys for said district, and represents as follows:

**BACKGROUND**

Vulnerable victims all across the United States, often elderly people, were convinced through various nefarious means, including computer pop-ups followed by telephone calls, to send their money to bank accounts created with stolen Personally Identifiable Information (PII). The victims who actually lost money will be referred to as "loss victims," and the individuals whose identifying information was used to set up the PII accounts will be referred to as "PII victims."

After the money was transferred by the loss victim to the PII account, it was then quickly removed from the PII accounts by persons recruited and directed by Thien Phuc Tran (Tran). Tran recruited individuals such as Tien Nguyen (Nguyen), Ton Huynh Bui (Bui), and others to participate in the fraud scheme. Tran would provide account information for specified PII accounts to Nguyen, Bui and others, who would then use the account information to make payments on their credit cards, mortgages and the purchase of goods for resale. Nguyen, Bui and others would then transmit the bulk of the funds to Tran, sometimes through a cryptocurrency exchange, thus laundering the funds.

Tran's residence in California was searched in May 2022 pursuant to a federal search warrant. Cash and a large number of gift cards were seized. Also obtained were electronic devices which contained relevant evidence, including communications between Tran, Bui, Nguyen, and others.

On October 4, 2023, the defendant pleaded guilty to Count Two of a two-count Indictment charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). In the plea agreement, the parties agreed upon a loss amount of $4,247,973.23. The parties agreed that the final offense level was 27 which, when combined with a Criminal History Category I, produced a guideline range of 70 to 87 months of imprisonment.

## NEW SECTION 4C1.1 OF THE SENTENCING GUIDELINES

New Section 4C1.1 of the Sentencing Guidelines took effect on November 1, 2023. It provides that "zero point" offenders, that is, defendants with zero criminal history points as calculated under Chapter 4 of the Sentencing Guidelines, are entitled to a two (2) level reduction in their offense level. This new two-level reduction is to be applied after all Chapter 2 and 3 adjustments are made.

Defendant Tran has zero criminal history points per the Presentence Investigation Report (PSIR) and the parties agree.

However, Section 4C1.1 does not apply to Tran's guidelines' calculation. Tran was the United States based leader of a wide-ranging conspiracy that involved other co-conspirators in countries around the world, including the Republic of India and the Republic of Vietnam, which caused substantial financial hardship to many victims. In recognition of this role, Tran has agreed to an Aggravated Role under U.S.S.G. § 3B1.1(c) and thus under U.S.S.G. § 4C1.1(a)(5), he is not entitled to a reduction. Thus, Tran's final offense level is 27 with a guideline range of 70 to 87

months.

<strong>RELEVANT SECTION 3553(A) FACTORS</strong>

The government will succinctly set forth its position with respect to the Section 3553(a) factors relevant to this case:

1. **<u>The Nature and Circumstance of the Offense</u>**

Tran was a leader of a wide-ranging, multi-national criminal scheme which defrauded many victims of funds. He was directly connected to individuals in the Republic of India, the Republic of Vietnam, and the United States, and led the money laundering side of the scheme. He brought at least five other lower-level participants into the scheme: Bui, Nguyen, R.H., Z.Z. and K.T. He was directly involved in laundering over four million dollars, which is certainly a significant sum. The money laundering aspect of this criminal activity has made it difficult to identify all of the participants in the scheme and to trace the flow of fraudulently obtained funds. Finally, he personally benefitted by using money to which he had no entitlement to make payments on his credit cards and for other personal expenses.

2. **<u>The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct</u>**

Noted scholars and judges have endorsed the view that white collar crimes may be effectively deterred by appropriate sentences. <u>See</u> Stephanos Bibas, <u>White-Collar Plea Bargaining & Sentencing After Booker</u>, 47 Wm. & Mary L. Rev. 721, 724 (2005) ("[W]hite-collar crime is more rational, cool, and calculated than sudden crimes of passion or opportunity, so it should be a prime candidate for general deterrence. An economist would argue that if one increased the expected cost of white-collar crime by raising the expected penalty, white-collar crime would be unprofitable and would thus cease."); <u>United States v.</u> <u>Martin</u>, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Defendants in white collar crimes often calculate the financial gain and risk of loss, and white

collar crimes therefore can be affected and reduced with serious punishment."); <u>United States v. Musgrave</u>, 761 F.3d 602, 609 (6th Cir. 2014) (holding that economic and fraud-based crimes are prime candidates for general deterrence).

In the internet age, scams abound and sometimes it seems that little can be done to combat them – the perpetrators are usually difficult to identify, and many reside overseas. Therefore, when a scheme is uncovered, like this one, which involves millions in fraud, it is important that every participant in the conspiracy receive just punishment to serve as a deterrent to others.

    3.    **<u>The Need to Avoid Unwarranted Sentencing Disparities</u>**

On November 7, 2023, co-defendant Tien Nguyen (Criminal No. 23-30) was sentenced to four (4) months imprisonment and three (3) years of supervised released on his guilty plea to an Information charging him with money laundering, in violation of 18 U.S.C. § 1957(a). The government submits that Tran is much more culpable than Nguyen and Bui.

    4.    **<u>The Need to Provide Restitution</u>**

In the plea agreement, the parties agreed to recommend a restitution amount of $4,247,973.23. The Court's Presentence Order encourages the parties to set forth the basis for any stipulations. Based upon its investigation, the government has identified the following victims to whom the Court should order restitution:

| Name on Account (PII Victims) | Financial Institution | Fraud Loss Victims (Wires into accounts) | Victim Loss Amount |
|---|---|---|---|
| (not identified) | | C.S.<br>Allison Park, PA | $1,288,073.00 |
| (not identified) | | J.K.<br>West Mifflin, PA | $2,500.00 |
| (not identified) | | J.V.<br>Bennington, VT | $950,000.00 |
| (not identified) | | M.L.<br>Minerva, OH | $52,000.00 |
| (not identified) | | D.B.<br>San Jose, CA | $100,000.00 |
| (not identified) | | M.D.<br>White Plains, NY | $60,000.00 |
| (not identified) | | D.D.N.<br>Bradenton, LA | $85,000.00 |
| C.M.<br>Groton, MA | Charles Schwab | N.R.<br>London, Ontario CA | $15,362.16 |
| | | J.L.S.<br>Monroe, UT | $22,600.00 |
| | | S.C.<br>Elkins Park, PA | $7,150.00 |
| M.F.<br>Millbury, MA | Charles Schwab | V.V.D.<br>Miami Shores, FL | $25,000.00 |
| R.K.<br>Scarborough, ME | Charles Schwab | C.S. & R.S.<br>Rincon, GA | $4,891.00 |
| M.G.<br>Hickory, NC | Charles Schwab | E.M.L.<br>Fort Wayne, IN | $47,700.00 |
| | | C.R.J.<br>Brick, NJ | $9,886.00 |
| | | L.S.K.<br>Greenville, NY | $5,000.00 |
| L.S.<br>Orlando, FL | Charles Schwab | W.A.D.<br>Tallahassee, FL | $7,000.00 |
| | | A.L.F. & D.L.F.<br>De Kalb Junction, NY | $6,000.00 |
| A.B.<br>San Jose, CA | Charles Schwab | S.F.D.<br>Deer Park, CA | $20,000.00 |
| G.L.<br>Auburn, MA | Wells Fargo | D.C.F.<br>Ashland, OR | $25,000.00 |
| | | A.P.<br>Chatsworth, CA | $9,233.00 |
| S.A.D.<br>Tulare, CA | Wells Fargo | P.L.W.<br>Rochester Hills, MI | $19,700.00 |
| M.M.<br>Dallas, GA | Wells Fargo | H.H.K. Trust<br>Honolulu, HI | $34,600.00 |

The above chart, using initials, identifies the PII victims, who did not lose any money, and the loss victims, who did. As shown, the perpetrators set up accounts at Charles Schwab and Wells Fargo, using the names of the PII victims, and then the funds fraudulently obtained from the loss victims were sent to the PII accounts. Tran obtained information regarding all of the above accounts from co-conspirators in India which he transmitted to his co-conspirators in the United States, which enabled him and others to use the funds for their own personal benefit.

WHEREFORE, for the reasons set forth above, the Court is respectfully requested to impose a fair and just sentence, and order restitution in the amount of $4,247,973.23. The government does not seek imposition of a fine as all available funds should go toward restitution.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

By: */s/ Robert S. Cessar*
ROBERT S. CESSAR
Assistant U.S. Attorney
PA ID No. 47736

*/s/ Stephen R. Kaufman*
STEPHEN R. KAUFMAN
Executive Assistant U.S. Attorney
PA ID No. 42108